

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,403

**EX PARTE BILLY DON MENEFIELD, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 4375-A IN THE 31ST JUDICIAL DISTRICT COURT
### FROM WHEELER COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to twelve years' imprisonment.

This application was filed on Applicant's behalf by his appointed appellate counsel, alleging her own ineffectiveness. Although the record reflects that appellate counsel was appointed the day after Applicant's sentencing, appellate counsel states that she had never filed an appeal, and was not expecting such an appointment. Appellate counsel concedes that she did not timely file a notice of

2

appeal, or a motion to extend the time for filing a notice of appeal, and that her failure to provide any practical assistance in protecting and preserving Applicant's appellate rights caused him to lose his right to appeal.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 4375-A from the 31st Judicial District Court of Wheeler County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: August 25, 2010
Do Not Publish